**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
PALM-BEACH DIVISION**

**Carl Clarke, an Individual**

      **Plaintiff,**

**v.**

**EQUIFAX INFORMATION SERVICES, LLC,
EXPERIAN INFORMATION SOLUTIONS,
INC., TRANS UNION LLC, AND CITIBANK,
N.A.**

      **Defendants.**

_____/

**Case No.:**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

Plaintiff, Carl Clarke ("Plaintiff" or "Mr. Clarke"), by and through counsel, files this Complaint against Equifax Information Services LLC ("Defendant Equifax" or "Equifax"), Experian Information Solutions Inc., ("Defendant Experian" or "Experian"), Trans Union LLC ("Defendant Trans Union" or "Trans Union"); and CitiBank, N.A. ("Defendant CitiBank" or "CitiBank"), pursuant to the Fair Credit Reporting Act, 15 USC §1681 *et seq.* ("FCRA").

### JURISDICTION AND VENUE

1.     Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

2.     Venue in this District is proper because Defendants transact business here and the complained conduct of Defendants occurred here.

**DEMAND FOR JURY TRIAL**

3.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

**PARTIES**

4.      Plaintiff is a natural person, and a citizen of the State of New York, residing in Astoria, New York.

5.      Defendant Equifax is a Georgia limited liability company whose registered agent in Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Equifax is a consumer reporting agency ("CRA") as defined by FCRA, 15 USC § 1681a(f).

6.      Defendant Experian is an Ohio corporation whose registered agent in Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, Florida 33324. Experian is a CRA as defined by FCRA, 15 USC §1681a(f).

7.      Defendant Trans Union is a Delaware limited liability company whose registered agent is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301. Trans Union is a CRA as defined by FCRA, 15 USC § 1681a(f).

8.      Defendant Citibank is a financial institution whose headquarters are located at 5800 South Corporate Place, Sioux Falls, South Dakota 57108. CitiBank is a data furnisher as defined by FCRA,

**<u>GENERAL ALLEGATIONS</u>**

9.      This action involves derogatory and inaccurate reporting of alleged consumer debt by CitiBank, N.A. to the Credit Reporting Agencies, Equifax, Experian, and Trans Union (collectively, the "CRA's").

10.      The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies. The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish

11.     credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." The FCRA was enacted "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy."

12.     As of the filing of this complaint, Plaintiff's credit reports from the CRA's inaccurately lists a fraudulent account: CBNA - 603532120170**** with an account balance of $2,264 (the "Account", "Tradeline," or "Consumer Debt")

13.      On or about August 14, 2023, at a Home Depot store located in Boca Raton, Florida, Plaintiff Carl Clarke attempted to make a purchase using his existing Home Depot credit card (ending in 3626). The store employee informed Mr. Clarke that he could add the purchase of $64.02 to the existing card. However, unbeknownst to Mr. Clarke, the employee applied for a second Home Depot credit card account (ending in 1307) without his knowledge or consent.

14.     Plaintiff did not receive a physical card or any documentation related to the unauthorized second credit account (ending in 1307). On or about February 15, 2024, upon discovering the fraudulent account, Plaintiff contacted the data furnisher, CitiBank, via telephone to report the fraudulent account and associated issues. CitiBank assured Plaintiff that the fraudulent account would be investigated. CitiBank summarily failed to conduct any investigation into the fraudulent account. Plaintiff created an ID theft report and provided such report to the CRA's and CitiBank. A true and correct copy of the ID Theft Report is attached hereto as Exhibit A.

15.     On or around October 2024, Plaintiff requested a copy of his credit report from Defendant Experian. The report inaccurately listed the Account.

16.     In or around October 10, 2024, Plaintiff submitted a dispute to Defendant Experian requesting that Experian update the Account because it was being inaccurately reported. A true and correct copy of Plaintiff's dispute letter is attached hereto as Exhibit B.

17.     On or around October 2024, Plaintiff requested a copy of his credit report from Defendant Equifax. The report inaccurately listed the Account.

18.     In or around October 10, 2024, Plaintiff submitted a dispute to Defendant Equifax requesting that Equifax update the Account because it was being inaccurately reported. A true and correct copy of Plaintiff's dispute letter is attached hereto as Exhibit C.

19.     On or around October 2024, Plaintiff requested a copy of his credit report from Defendant Transunion. The report inaccurately listed the Account.

20.     In or around October 10, 2024, Plaintiff submitted a dispute to Defendant Trans Union requesting that Trans Union update the Account because it was being inaccurately reported. A true and correct copy of Plaintiff's dispute letter is attached hereto as Exhibit D.

21.     Defendants Equifax, Experian, and Trans Union, as CRAs, failed to conduct a reasonable investigation into the disputed information as required under 15 U.S.C. § 1681i.

22.     As of the filing of this complaint, the CRA Defendants continue to voluntarily and negligently violate the FCRA and the Account is still inaccurately reflecting on Plaintiff's reports with an account balance of $2,264 and late payments.

23.     Plaintiff's disputes highlighted inaccuracies in the reporting of balances, account status, and inquiries that were unauthorized. Nevertheless, the CRAs continued to report inaccurate and derogatory information despite being provided with clear notice of the unauthorized account and disputed charges.

24.     Defendant CitiBank failed to conduct a reasonable investigation of the disputes after receiving notice from the CRAs and continued to provide inaccurate information, in violation of 15 U.S.C. § 1681s-2(b).

25.     On or about November 10, 2024, Plaintiff was informed that Home Depot would

increase the Annual Percentage Rate (APR) to 30.99% due to the status of the Tradeline, which currently shows a balance of $2,264.

26.     Plaintiff was denied lines of credit and loans due to the inaccurate and derogatory reporting of the Account by Defendant Experian, Defendant Equifax and Defendant Trans Union, and furnished by Defendant CitiBank.

27.     The actions and inactions of the Defendants have caused significant harm to Plaintiff, including financial harm, damage to creditworthiness, and emotional distress.

**COUNT 1**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

28.     Plaintiff incorporates by reference paragraphs ¶¶ 1-27 of this Complaint.

29.     Defendant Experian prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account with Defendant Experian and continues to include the same information concerning inaccurate and derogatory reporting of the Account with Defendant Experian, a consumer reporting agency.

30.     In or around October of 2024, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Experian. Therefore, in or around October 10, 2024, Plaintiff disputed this inaccurate and derogatory information to Experian.

31.     Defendant CitiBank verified the inaccurate and derogatory reporting. Despite Experian having been put on notice of the inaccurate and derogatory reporting, Experian did not remove the inaccurate and derogatory reporting of the Account from Plaintiff's Experian credit report.

32.     As of the filing of this complaint, Defendant CitiBank's derogatory and inaccurate information is still listed on Plaintiff's Experian credit report.

33.     Experian is engaged in the business of credit reporting and is commonly referred to

as a "Credit Bureau." Defendant Experian regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

34.     Experian is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

35.     Despite Defendant Experian having received Plaintiff's dispute of the Account, Experian continues to inaccurately report the Account with an account balance of $2,264 and late payments.

36.     Continuing to report the status of the Account in this fashion is significant.

37.     By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

38.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

39.     Experian failed to conduct a reasonable investigation and reinvestigation.

40.     Experian failed to review and consider all relevant information submitted by Plaintiff.

41.     Experian failed to conduct an independent investigation and, instead, deferred to CitiBank when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

42.     Experian possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Experian failed to correct the information.

43.     Experian's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates

Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

44.     Experian did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant CitiBank despite being in possession of evidence that the information was inaccurate.

45.     Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

46.     Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

47.     On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

48.     Experian failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Experian credit report.

49.     Experian's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

50.     Experian has willfully and recklessly failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly

and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [h] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

51.    The conduct, action and inaction of Experian was willful, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

52.    Plaintiff is entitled to recover reasonable costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

53.    The appearance of the Account on Plaintiff's credit report, namely, the Account identified by Plaintiff in Plaintiff's dispute to Experian, was the direct and proximate result of Experian's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

54.    As a result of the conduct, action, and inaction, of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

55.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such,

punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

**COUNT 2**
**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Experian)

56.      Plaintiff incorporates by reference paragraphs ¶¶ 1-55 above of this Complaint.

57.      On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed Account.

58.      On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

59.      On at least one occasion within the past year, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

60.      Experian has negligently failed to comply with the FCRA. The failures of Experian to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Experian had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to promptly delete information that was found to be

inaccurate, or could not be verified, or that the source of information had advised Experian to delete; and [g] the failure to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

61.    The conduct, action, and inaction, of Experian was negligent, thereby rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

62.    Plaintiff is entitled to recover reasonable costs and attorneys' fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

63.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

64.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 3
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

65.    Plaintiff incorporates by reference paragraphs ¶¶ 1-27 of this Complaint.

66.    Defendant Equifax prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account with Defendant Equifax and continues to include the same information concerning inaccurate and derogatory reporting of the Account with Defendant Equifax, a consumer reporting agency.

67.    In or around October of 2024, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Equifax. Therefore, in or around October 10, 2024,

Plaintiff disputed this inaccurate and derogatory information to Equifax.

68.     Defendant CitiBank verified the inaccurate and derogatory reporting. Despite Equifax having been put on notice of the inaccurate and derogatory reporting, Equifax did not remove the inaccurate and derogatory reporting of the Account from Plaintiff's Equifax credit report.

69.     As of the filing of this complaint, Defendant CitiBank's derogatory and inaccurate information is still listed on Plaintiff's Equifax credit report.

70.     Equifax is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Equifax regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

71.     Equifax is a "consumer reporting agency" of consumers, as defined by § 1681a(f), and compiles the information into "credit reports," which it provides to third parties.

72.     Despite Defendant Equifax having received Plaintiff's dispute of the Account, Equifax continues to inaccurately report the Account with an account balance of $2,264 and late payments.

73.     Continuing to report the status of the Account in this fashion is significant.

74.     By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

75.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

76.     Equifax failed to conduct a reasonable investigation and reinvestigation.

77.     Equifax failed to review and consider all relevant information submitted by

Plaintiff.

78.     Equifax failed to conduct an independent investigation and, instead, deferred to CitiBank, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

79.     Equifax possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Equifax failed to correct the information.

80.     Equifax's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Equifax's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

81.     Equifax did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant CitiBank despite being in possession of evidence that the information was inaccurate.

82.     Without any explanation or reason, Equifax continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

83.     Plaintiff has suffered damages as a result of the incorrect reporting and Equifax's failure to correct the credit report pertaining to Plaintiff.

84.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

85.     Equifax failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Equifax credit report.

86.     Equifax's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

87.     Equifax has willfully and recklessly failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [h] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

88.     The conduct, action and inaction of Equifax was willful, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

89.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

90.     The appearance of the Account on Plaintiff's credit report, namely, the Account identified by Plaintiff in Plaintiff's dispute to Equifax, was the direct and proximate result of Equifax's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

91.     As a result of the conduct, action, and inaction, of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

92.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

### COUNT 4
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant Equifax)

93.     Plaintiff incorporates by reference paragraphs ¶¶ 1-27 and 64-92 above of this Complaint.

94.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

95.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

96.     On at least one occasion within the past year, by example only and without limitation, Equifax violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

97.     Equifax has negligently failed to comply with the FCRA. The failures of Equifax to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow

reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Equifax had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Equifax to delete; and [g] the failure to take adequate steps to verify information Equifax had reason to believe was inaccurate before including it in the credit report of the consumer.

98.     The conduct, action, and inaction, of Equifax was negligent, thereby rendering Equifax liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

99.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

100.    As a result of the conduct, action, and inaction of Equifax, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

101.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Equifax, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT**
(Against Defendant Trans Union)

102.    Plaintiff incorporates by reference paragraphs ¶¶ 1-27 of this Complaint.

103.    Defendant Trans Union prepared and issued consumer credit reports concerning Plaintiff which previously included inaccurate and derogatory reporting of the Account with Defendant Trans Union and continues to include the same information concerning inaccurate and derogatory reporting of the Account with Defendant Trans Union, a consumer reporting agency.

104.    In or around October of 2024, Plaintiff checked his credit report and noticed that there were inaccurate reports from Defendant Trans Union. Therefore, in or around October 10, 2024, Plaintiff disputed this inaccurate and derogatory information to Trans Union.

105.    Defendant CitiBank verified the inaccurate and derogatory reporting. Despite Trans Union having been put on notice of the inaccurate and derogatory reporting, Trans Union did not remove the inaccurate and derogatory reporting of the Account from Plaintiff's Trans Union credit report.

106.    As of the filing of this complaint, Defendant CitiBank's derogatory and inaccurate information is still listed on Plaintiff's Trans Union credit report.

107.    Trans Union is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau." Defendant Trans Union regularly obtains and analyzes financial information about consumer transactions or experiences with any consumer.

108.    Trans Union is a "consumer reporting agency" of consumers, as defined by §1681a(f), and compiles the information into "credit reports," which it provides to third parties.

109.    Despite Defendant Trans Union having received Plaintiff's dispute of the Account, Trans Union continues to inaccurately report the Account with an account balance of $2,264 and late payments.

110.    Continuing to report the status of the Account in this fashion is significant.

111.    By continuing to report the status of the Account in this fashion, lenders believe Plaintiff has had a recent, major delinquency negatively reflecting on Plaintiff's creditworthiness by impacting his credit score negatively.

112.    Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

113.    Trans Union failed to conduct a reasonable investigation and reinvestigation.

114.    Trans Union failed to review and consider all relevant information submitted by Plaintiff.

115.    Trans Union failed to conduct an independent investigation and, instead, deferred to CitiBank, when they permitted the derogatory information to remain on Plaintiff's credit report after Plaintiff's first dispute.

116.    Trans Union possessed evidence that the information was inaccurate as described by Plaintiff in the Dispute; however, Trans Union failed to correct the information.

117.    Trans Union's reporting of inaccurate information about the Account, which is the subject of the Dispute, despite evidence that said information is inaccurate demonstrates Trans Union's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

118.    Trans Union did not conduct any independent investigation after it received Plaintiff's dispute and, instead, chose to parrot the information it received from Defendant CitiBank despite being in possession of evidence that the information was inaccurate.

119.    Without any explanation or reason, Trans Union continues to report this false, inaccurate, or otherwise incomplete information, about Plaintiff.

120.    Plaintiff has suffered damages as a result of the incorrect reporting and Trans Union's failure to correct the credit report pertaining to Plaintiff.

121.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable procedures to assure the maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

122.    Trans Union failed to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and credit files when investigating Plaintiff's dispute of the information contained in Plaintiff's Trans Union credit report.

123.    Trans Union's procedures were per se deficient by reason of these failures in ensuring the maximum possible accuracy of Plaintiff's credit reports and credit files.

124.    Trans Union has willfully and recklessly failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following:

125.    [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; and [f] he failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

126.     The conduct, action and inaction of Trans Union was willful, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

127.     Plaintiff is entitled to recover reasonable costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

128.     The appearance of the Account on Plaintiff's credit report, namely, the Account identified by Plaintiff in Plaintiff's dispute to Trans Union, was the direct and proximate result of Trans Union's willful failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

129.     As a result of the conduct, action, and inaction, of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

130.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1640(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] statutory damages pursuant to 15 U.S.C. § 1640(a)(2); [4] after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); [5] costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1640(a)(3) and 1681n(a)(3); and [6] any other relief that this Court deems proper under the circumstances.

## COUNT 6
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT

(Against Defendant Trans Union)

131.     Plaintiff incorporates by reference paragraphs ¶¶ 1-27 and 102-130 above of this Complaint.

132.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

133.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Plaintiff with respect to the disputed Information.

134.    On at least one occasion within the past year, by example only and without limitation, Trans Union violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

135.    Additionally, Trans Union negligently failed to report the accounts identified by Plaintiff as "disputed" in violation of 15 U.S.C. § 168li(c).

136.    Trans Union has negligently failed to comply with the FCRA. The failures of Trans Union to comply with the FCRA include, but are not limited to, the following: [a] the failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] the failure to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] the failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] the failure to promptly and adequately investigate information which Trans Union had notice was inaccurate; [e] the continual placement of inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] the failure to note in the credit report that Plaintiff disputed the accuracy of the information; [g] the failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Trans Union to delete; and [h] the failure to take adequate steps to verify information Trans Union had reason to believe was inaccurate before including it in the credit report of the consumer.

137.     The conduct, action, and inaction, of Trans Union was negligent, thereby rendering Trans Union liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681(n).

138.     Plaintiff is entitled to recover reasonable costs and attorneys' fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681(n).

139.     As a result of the conduct, action, and inaction of Trans Union, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

140.     WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant Trans Union, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C.§ 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 7
## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT
### (Against Defendant CitiBank)

141.     Plaintiff incorporates the allegations regarding the Account and Defendant CitiBank in paragraphs ¶¶ 1-27 and by reference of this Complaint.

142.     Defendant CitiBank is the finance brand for Home Depot in the United States, offering retail financing.

143.     In or about October of 2024, Plaintiff checked his credit report and noticed that there was an inaccurate and derogatory reporting from Defendant CitiBank.

144.     In or about October 10, 2024, Plaintiff submitted a dispute of the erroneous and derogatory information reported to Defendant Experian, Defendant Equifax and Defendant Trans Union by Defendant CitiBank.

145.    In response to the Disputes, Defendant Experian, Defendant Equifax, and Defendant Trans Union promptly and properly gave notice to Defendant CitiBank of the Disputes in accordance with the FCRA.

146.    As of the filing of this complaint, the inaccurate reporting has continued to be verified by Defendant CitiBank.

147.    Defendant CitiBank is a "furnisher of information" that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

148.    On a date better known by Defendant CitiBank, Defendant Experian, Defendant Equifax, and Defendant Trans Union promptly and properly gave notice to Defendant CitiBank of Plaintiff's Disputes in accordance with the FCRA.

149.    In response to the notices received from Defendant Experian, Defendant Equifax, and Defendant Trans Union regarding Plaintiff's Disputes, Defendant CitiBank did not and otherwise failed to conduct a reasonable investigation into the CitiBank Account which is the subject of the Disputes.

150.    In response to receiving notice from Defendant Experian, Defendant Equifax, and Defendant Trans Union regarding Plaintiff's Disputes, Defendant CitiBank failed to correct and/or delete information it knew to be inaccurate and derogatory and/or which Defendant Experian, Defendant Equifax, and Defendant Trans Union could not otherwise verify.

151.    Instead of conducting a reasonable investigation, Defendant CitiBank erroneously validated the Account and continued to report inaccurate and derogatory information to Defendant Experian, Defendant Equifax, and Defendant Trans Union.

152.    On at least one occasion within the past year, by example only and without limitation, Defendant CitiBank violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct a

reasonable investigation with respect to the disputed information.

153.    On at least one occasion within the past year, by example only and without limitation, Defendant CitiBank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agency, Experian, Defendant Equifax, and Defendant Trans Union.

154.    On at least one occasion within the past year, by example only and without limitation, Defendant CitiBank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete or inform Defendant Experian, Defendant Equifax, and Defendant Trans Union about the inaccurate information.

155.    Upon information and belief, Defendant CitiBank was aware of the FCRA obligations to reasonably investigate disputes when it received notice of Plaintiff's Disputes.

156.    Defendant CitiBank's investigation was per se deficient by reason of these failures in its investigation of Plaintiff's Disputes.

157.    As a direct and proximate result of Defendant CitiBank's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

158.    Defendant CitiBank's actions in violation of 15 U.S.C. § 1681s-2(b), were willful, rendering it liable for actual or statutory damages as well as punitive damages as the Court may allow and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

159.    WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant CitiBank, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

## COUNT 8
## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT
(Against Defendant CitiBank)

160.    Plaintiff incorporates the allegations regarding the Account and Defendant CitiBank in paragraphs ¶¶ 1-21 and 140-159 by reference of this Complaint.

161.    On at least one occasion within the past year, by example only and without limitation, Defendant CitiBank violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

162.    On one or more occasions within the past year, by example only and without limitation, Defendant CitiBank violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the consumer reporting agencies.

163.    On one or more occasions within the past year, by example only and without limitation, Defendant CitiBank violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to delete the Inaccurate Information.

164.    When Defendant CitiBank received notice of Plaintiff's disputes from Defendant Experian, Defendant Equifax, and Defendant Trans Union, Defendant CitiBank could and should have reviewed its own systems and previous communications with Plaintiff as part of its investigation.

165.    Defendant CitiBank would have discovered that the information it was reporting about Plaintiff was inaccurate and derogatory if Defendant CitiBank had reviewed its own systems and previous communications with the Plaintiff.

166.    Defendant CitiBank's investigation was per se deficient by reason of these failures in Defendant CitiBank's investigation of Plaintiff's disputes.

167.    As a direct and proximate result of Defendant CitiBank's violations of § 1681s-2(b), Plaintiff suffered actual damages, including but not limited to: (i) money lost attempting to fix Plaintiff's

credit; (ii) denial of financing for lines of credit and loans (iii) loss of time attempting to cure the errors in Plaintiff's credit; (iv) mental anguish, added stress, aggravation, embarrassment, and other related impairments to the enjoyment of life such as headaches, irritability, anxiety and loss of sleep; (v) reduction in credit score; and (vi) apprehensiveness to apply for credit due to fear of rejection.

168.   Defendant CitiBank's actions constitute negligent noncompliance with the FCRA rendering it liable for actual damages as well as attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §1681o.

169.   WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant CitiBank awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1); [2] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and [3] any other relief that this Court deems appropriate under the circumstances.

Dated: November 18, 2024

Respectfully Submitted,

/ s/ *Monique N. Reyes*

**MONIQUE N. REYES, P.A.**
Monique N. Reyes
FL Bar No. 1026823

Monique N. Reyes, P.A.
6353 Bird Road
Miami, FL 33155
Telephone: (786)614-0666
Email: law@moniquereyes.com
moniquereyeslaw@gmail.com

*Attorney for Plaintiff*

# EXHIBIT A



FEDERAL TRADE COMMISSION

# Identity Theft Report

| FTC Report Number: |
| --- |
| 169614668 |

I am a victim of Identity theft. This is my official statement about the crime.

## Contact Information

| First Name: | | Last Name: | |
| --- | --- | --- | --- |
| Carl | | Clarke | |
| **Address:** | **Phone:** | | **Email:** |
| 2811A 46th street<br>Astoria , NY 11103<br>USA | 917- ▮ | | carolina_clarke@live.com |

## Personal Statement

Please validate. I am a victim of identity theft.

## Accounts Affected by the Crime

| Fraudulent Charges to My Credit Card | | |
| --- | --- | --- |
| Company or Organization: | THD CBNA | |
| Account Number: | 60353212▮ | |
| **Date fraud began:** | **Date that I discovered it:** | **Total fraudulent amount:** |
| 1/2024 | 2/2024 | $ 257 |

| Fraudulent Auto Loan or Lease | | |
| --- | --- | --- |
| Company or Organization: | VOLVOCARLSE | |
| Account Number: | 33032▮ | |
| **Date fraud began:** | **Date that I discovered it:** | **Total fraudulent amount:** |
| 1/2024 | 2/2024 | $ 0 |

**Under penalty of perjury, I declare this information is true and correct to the best of my knowledge.**

I understand that knowingly making any false statements to the government may violate federal, state, or local criminal statutes, and may result in a fine, imprisonment, or both.

| Carl Clarke | 2/21/2024 |
| --- | --- |
| Carl Clarke | Date |

Use this form to prove to businesses and credit bureaus that you have submitted an FTC Identity Theft Report to law enforcement. Some businesses might request that you also file a report with your local police.

# EXHIBIT B

**Experian**
**P.O. Box 4500**
**Allen TX 75013**

**Carl Clarke**
**2811A 46th street**
**Astoria, New York 11103**

## 10/10/2024

To whom it may concern,

I vehemently dispute any information in my credit report that lacks substantiation or accuracy, aligning my actions with the FCRA and Metro 2 standards. It is essential to emphasize that unsubstantiated allegations of delinquency and derogatoriness cannot be accepted without factual verification, a requirement stipulated by federal and state law. Compliance with legal standards is paramount, and I implore you to ensure the precise and accurate reporting of all claims within my credit report, as mandated by the Metro 2 reporting standard.

Additionally, I formally request the provision of tangible, verifiable evidence to substantiate the existence of the account and its legitimate usage for authorized purposes. In the absence of such evidence, I insist on the immediate removal of the account from my credit report. I hereby grant authorization for the physical dispatch of documentation detailing your actions and any subsequent updates to my credit report. It is imperative that these requests be promptly addressed and resolved.

**Listed below are the Accounts that are being challenged**
VOLVOCARS - 3303202****
CBNA - 603532120170****

**Listed below are the Inquiries that are being challenged**
XACTUSAVANTUSROCKET - 2023-07-21
CIC CREDITFM HM LAS - 2023-07-27
CIC CREDITFM HM LAS - 2023-10-02

| VOLVOCARS | Balance: $0.00 | | | | |
|---|---|---|---|---|---|
| Account # BS-7 | 3303202**** | Credit Limit BS-11 | $0.00 | Last Reported | 11/30/2022 (!) |
| Account Type BS-9 | Installment | High Credit BS-12 | $28,573.00 | Date Last Active BS-8 | 11/01/2022 (!) |
| Account Type Detail | - | Balance BS-21 | $0.00 | Date of Last Payment BS-27 | 09/01/2022 (!) |
| Account Status BS-17A | Paid (!) | Past Due BS-22 | $0.00 | Date Opened BS-10 | 06/01/2019 (!) |
| Bureau Code | Joint | Monthly Payment BS-15 | $0.00 | 7 Year History | 30: 0 60: 0 90:0 |
| Payment Status BS-17B | Unk (!) | No. of Months (terms) BS-13 | 1 | | |
| Comments BS-19 | Consumer disputes after resolution , Settlement accepted on this account , | | | | |

This is also completely inaccurate. - Validate late payment remarks and update my credit report.

## VOLVOCARS - 3303202****

I am utterly furious at the state of affairs regarding the abysmal accuracy and outdated information within your database. This appalling negligence must be rectified immediately, or be prepared to face the full force of legal action. Eradicate the inaccurate and substandard data from your database and my credit report without delay.

| CBNA | Balance: $816.00 | | | | |
|---|---|---|---|---|---|
| Account # BS-7 | 603532120170**** | Credit Limit BS-11 | $700.00 (!) | Last Reported | 10/05/2024 (!) |
| Account Type BS-9 | Revolving | High Credit BS-12 | $729.00 (!) | Date Last Active BS-8 | 09/01/2024 (!) |

# EXHIBIT C

**Equifax**
P.O. Box 740256
Atlanta GA 30374-0256

**Carl Clarke**
**2811A 46th street**
**Astoria, New York 11103**

**10/10/2024**

To whom it may concern,

I am seething with anger and outrage at the blatant violation of my consumer rights through the dissemination of outrageously inaccurate information. It is utterly unacceptable and infuriating that my rights to fair treatment have been trampled upon.

I demand swift and immediate action to rectify this grave injustice. The inclusion of negative information, whether certified or not, is an absolute affront to my integrity. I demand complete transparency and accountability, backed by factual evidence for each claim. The nonchalant disregard for the Fair Credit Reporting Act (FCRA) and applicable data field formatting standards fills me with righteous indignation.

The consequences of compromised data integrity are too significant to be ignored. I insist on the prompt removal of all false accounts from my credit report, as any delay would have dire financial implications. My credit report is my lifeline, and I refuse to tolerate anything less than the truth – accurate, verified, and compliant data that I deserve and demand.

**Listed below are the Accounts that are being challenged**
CBNA - 603532120170****

**Listed below are the Inquiries that are being challenged**
CIC - 2023-10-02
XACTUS - 2023-07-21
CBNATHD - 2023-08-14
CAPITALONE - 2023-09-14
CIC - 2023-08-17

| CBNA \| Balance: $816.00 | | | | | |
|---|---|---|---|---|---|
| Account # BS-7 | 603532120170**** | Credit Limit BS-11 | **$0.00 (!)** | Last Reported | **10/01/2024 (!)** |
| Account Type BS-9 | Revolving | High Credit BS-12 | **$700.00 (!)** | Date Last Active BS-8 | **05/01/2024 (!)** |
| Account Type Detail | - | Balance BS-21 | $816.00 | Date of Last Payment BS-27 | **05/01/2024 (!)** |
| Account Status 17A | **Open (!)** | Past Due BS-22 | **$318.00 (!)** | Date Opened BS-10 | **08/01/2023 (!)** |
| Bureau Code | Individual | Monthly Payment BS-15 | $65.00 | 7 Year History | **30: 1 60: 1 90:2 (!)** |
| Payment Status BS-17B | **120 Delinq (!)** | No. of Months (terms) BS-13 | 0 | | |
| Comments BS-19 | Consumer disputes - reinvestigation in progress , Consumer disputes after resolution , | | | | |

This is completely inaccurate. - Remove late payment mark on my credit report.

Your disregard for accuracy is absolutely unacceptable! The inaccurate and outdated information you have provided needs to be fixed immediately, or I will take legal action against your company. Your negligence is harming my credit report and your database should not contain any information that is not accurate.

See the image above for **CBNA - 603532120170****** for the specific areas of concern.

| INQUIRY | | | |
|---|---|---|---|
| Creditor Name HR-12 | CIC | Date of inquiry BS-10 | 10/02/2023 |

I write to express my extreme displeasure upon receiving my credit report today, which disclosed an alleged hard inquiry

# EXHIBIT D

**TransUnion**
P.O. Box 2000
Chester PA 19016-2000

**Carl Clarke**
2811A 46th street
Astoria, New York 11103

## 10/10/2024

To whom it may concern,

I am vehemently disputing any information within my credit report that lacks substantiation or accuracy, while abiding by the FCRA and the recognized Metro 2 data field reporting standard. I find it wholly unacceptable to encounter allegations of delinquency and derogatoriness without concrete evidence, and I challenge the validity of such unsubstantiated claims, which clearly contravene both federal and state laws that mandate precise and comprehensive reporting.

It is imperative that all claims within my credit report are both factual and accurately reported, as stipulated by the Metro 2 reporting standard. I formally request the submission of tangible, verifiable evidence to substantiate the existence of the account and its lawful utilization. Should such evidence remain unavailable, I insist upon the immediate removal of the account from my credit report. I hereby grant authorization for the physical dispatch of documentation detailing your actions and any subsequent updates to my credit report. Your prompt attention to these matters is not just expected but demanded.

**Listed below are the Accounts that are being challenged**
CBNA - 603532120170****

**Listed below are the Inquiries that are being challenged**
CIC CREDIT - 2023-08-17
ROCKET MORTG - 2023-07-21
CIC CREDIT - 2023-10-02
BRCLYSBANKDE - 2022-12-01
JPMCB BB - 2023-10-25
MERCEDES BEN - 2024-04-17

| CBNA | Balance: $816.00 | | | | | |
|---|---|---|---|---|---|---|
| Account # BS-7 | 603532120170**** | Credit Limit BS-11 | **$700.00 (!)** | Last Reported | **10/04/2024 (!)** |
| Account Type BS-9 | Revolving | High Credit BS-12 | **$729.00 (!)** | Date Last Active BS-8 | **01/05/2024 (!)** |
| Account Type Detail | - | Balance BS-21 | $816.00 | Date of Last Payment BS-27 | **02/14/2024 (!)** |
| Account Status BS-17A | **Closed (!)** | Past Due BS-22 | **$700.00 (!)** | Date Opened BS-10 | **08/14/2023 (!)** |
| Bureau Code | Individual | Monthly Payment BS-15 | $65.00 | 7 Year History | **30: 1 60: 1 90:2 (!)** |
| Payment Status BS-17B | **120 Delinq (!)** | No. of Months (terms) BS-13 | 0 | | |
| Comments BS-19 | Consumer disputes - reinvestigation in progress , Consumer disputes after resolution , | | | | |

This is completely inaccurate. - Remove late payment mark on my credit report.

This is unacceptable! The information presented above has never met compliance reporting standards, and it's outrageous that it has not been verified for accuracy or completeness! I demand that you take immediate action and delete this erroneous information right now!

Furthermore, you must refer to the image above for **CBNA - 603532120170****** and address all areas of concern immediately! Your failure to do so will not be tolerated!

| INQUIRY | | | |
|---|---|---|---|
| Creditor Name HR-12 | CIC CREDIT | Date of inquiry BS-10 | 08/17/2023 |

I am writing to express my strong dissatisfaction and frustration with the quality of information provided in relation to **CIC**